ORIGINAL

# In the United States Court of Federal Claims

No. 18-14C
(Filed April 30, 2018)
NOT FOR PUBLICATION

FILED
APR 30 2018
U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

WILLIAM ELLIS,

      Plaintiff,

v.

THE UNITED STATES,

      Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

In this case brought by William L. Ellis, Mr. Ellis alleges that he has been harmed during a medical procedure and seeks $8,000,000 in damages. For the reasons stated below, the court finds that it lacks subject-matter jurisdiction over plaintiff's claims. Defendant's motion to dismiss the case is accordingly **GRANTED**.

### I. BACKGROUND

Plaintiff filed the complaint in this case *pro se* on January 2, 2018, along with a motion to proceed *in forma pauperis*.[1] His complaint is irregular and difficult to decipher. He seems to allege that various torts have been committed against him, such as "abuse of an epilepsy" and "intentional bodily harm." Compl. at 3. In total, he lists twelve "counts," of which it appears that five relate to personal injury, four

---

[1] Plaintiff's complaint was not signed, as required by Rule 11(a) of the Rules of the United States Court of Federal Claims (RCFC). *See* Order (Jan. 8, 2018). Plaintiff submitted a signed document which was filed on January 31, 2018, and which the Court accepted in satisfaction of this requirement.

7017 1450 0000 1346 4759

relate to professional malpractice, and three relate to purported contractual breach. *Id.* Although the remainder of his complaint is highly unusual, it appears that plaintiff suffered an injury during a medical procedure. *See Id.* at 28. He alleges that he suffers from a failed spinal implant and is "permanently physically disabled" as a result. Compl. at 3. A doctor's letter describes plaintiff's medical history as "complex," and explains that, some time ago, plaintiff had a "fusion" operation on his back "with screws, rods, and cages," and has been suffering continued pain since that time. Pl.'s Response to Mot. to Dismiss, ECF No. 10, at 67. This letter also states that Mr. Ellis more recently had a neurosurgical operation to deal with a cystic mass which had caused "mischief intracranially," as well as cephalgia and seizures. *Id.* It appears that plaintiff wishes to sue the doctors who he believes are responsible for some of his medical issues. Compl. at 3, 28.

The government has moved to dismiss Mr. Ellis's complaint for lack of subject-matter jurisdiction under RCFC 12(b)(1). The government argues that Mr. Ellis's tort and criminal claims, Mot. to Dismiss at 4–5, contract claims, *id.* at 6–7, and other miscellaneous claims, *id.* at 7–10, are outside of this court's jurisdiction.[2]

The clerk's office received a further document from plaintiff on March 26, 2018, which was filed as a response to the government's motion. This document is also highly irregular, and consists mainly of plaintiff's disquisition on esoteric legal theories, as well as several of his medical records. The government filed a reply on March 28, 2018, briefly reiterating the arguments from its motion.

## II. DISCUSSION

### A. Subject-Matter Jurisdiction

Whether the court has subject-matter jurisdiction is a threshold issue that may be brought up at any time, either by the parties or by the court *sua sponte*. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). Pursuant to RCFC 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." In making this determination, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." *Folden*, 379 F. 3d at 1354.

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not

---

[2] Mr. Ellis also filed an application to proceed *in forma pauperis*. The government has not opposed this motion. Accordingly, it is hereby **GRANTED**.

sounding in tort." 28 U.S.C. 1491(a)(1). The provision of the Constitution or Act of Congress cited as the basis for the claim must be money-mandating to place the matter within our jurisdiction. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-mandating.").

## B. Analysis

Assuming that Mr. Ellis's allegations are true and taking into consideration Mr. Ellis's *pro se* status by broadly construing his arguments, the Court nevertheless finds that none of his claims falls within our jurisdiction. This court cannot entertain this case unless a jurisdictional basis has been properly invoked. *See* RCFC 12(h)(3).

The gravamen of Mr. Ellis's complaint appears to be allegations of tort claims for professional malpractice and battery. Compl. at 3. The Tucker Act expressly places within our jurisdiction only matters "not sounding in tort." 28 U.S.C. § 1491(a)(1). Fraud and malpractice claims sound in tort and are not within the Court's jurisdiction. *See, e.g., Sellick v. United States*, 222 Ct. Cl. 679, 681 (1980) (fraud); *McCullough v. United States*, 76 Fed. Cl. 1, 4 (2006) (malpractice). Furthermore, plaintiff appears to be asserting claims against private parties, *see* Compl. at 28. The federal government, however, is the only proper defendant in our court. *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)).

Insofar as plaintiff's mentions of "abuse" and "torture," *see* Compl. at 3, can be construed as criminal allegations, this court also has no jurisdiction over such claims. *See Stanwyck v. United States*, 127 Fed. Cl. 308, 314 (2016). The government notes possible allegations of violations of the Eighth Amendment, the Health Insurance Portability and Accountability Act,[3] the Social Security Act,[4] and the Americans with Disabilities Act,[5] but these claims would also lie outside our jurisdiction. *See* Mot. to Dismiss at 7–9 (citing *Marcus v. United States*, 909 F.2d 1470, 1474 (Fed. Cir. 1990); *Graves v. United States*, No. 16-535C, 2016 WL 3660488, at *1 (Fed. Cl. July 5, 2016) (citing *Trafny v. United States*, 503 F.3d 1339, 1390 (Fed. Cir. 2007)); *Searles v. United States*, 88 Fed. Cl. 801, 805 (2009); *Agee v. United States*, 72 Fed. Cl. 284, 289–90 (2006)).

Although his complaint contains language concerning "violation of contract," *see* Compl. at 3, plaintiff has failed to adequately plead a contract with the United

---

[3] Pub. L. 104-191, 110 Stat. 1936 (codified at 42 U.S.C. § 300gg, 29 U.S.C. § 1181 *et seq.*, and 42 U.S.C. 1320d *et seq.*).
[4] 42 U.S.C. ch. 7.
[5] 42 U.S.C. § 12101.

States which would give the Court jurisdiction to hear his case. Plaintiff has pled no allegations concerning any federal officers with apparent authority to bind the United States, given no details about the terms of any alleged contract, and given no information beyond the bare words "violation of contract." *See Trauma Serv. Grp., Ltd. v. United States*, 33 Fed. Cl. 426, 430 (1995) (citing *Modern Sys. Tech. Corp. v. United States*, 979 F.2d 200, 201 (Fed. Cir. 1992)). In his response, Mr. Ellis mentions federal contractors, Response at 11, but then goes on to discuss "the uniform bonding code" and his theories of public finance. It may be that the Wyoming Medical Center, *see* Compl. at 28, the Houston Clinic, *see* Response at 76, the Kansas Institute of Medicine, *see* Response at 67, or Mr. Ellis's doctors were in some manner contractors of the federal government, but his filings do not contain sufficient information to allow the Court to conclude that any contract ever existed between plaintiff and the United States.

It is clear from reading plaintiff's submissions that he has undergone serious medical problems and considerable suffering. But, like many *pro se* litigants, plaintiff misunderstands the nature of our court's jurisdiction, which does not encompass any of the claims which he wishes to bring.

### III. CONCLUSION

Because plaintiff's allegations do not raise a matter within this court's jurisdiction, the defendant's motion to dismiss this case is hereby **GRANTED**. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Judge